# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE v. TORY NELSON NOCHO

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 231617     Stephen M. Bevil, Judge**

---

### No. E2003-01938-CCA-R3-CD - Filed November 1, 2004

---

The defendant, Tory Nelson Nocho, appeals his sentence of life without possibility of parole. The defendant contends that the failure to set forth aggravating circumstances within the indictment is a constitutional infirmity. The defendant secondly asserts error in that the State had not filed statutory notice of intent to seek life without possibility of parole as to one victim prior to the entry of the guilty plea. We affirm the sentence as imposed, but we remand the case for entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Affirmed and Remanded for Entry of Corrected Judgments**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Ardena J. Garth, District Public Defender; and Donna Robinson Miller, Christian Coder, and Myrlene Marsa, Assistant Public Defenders, for the appellant, Tory Nelson Nocho.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William H. Cox, III, District Attorney General; and Barry A. Steelman and Christopher D. Poole, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The defendant was indicted on two counts of first degree felony murder and two counts of first degree premeditated murder for the deaths of Lavonda Kay Holderby and Donna Holderby. The defendant entered a best interest guilty plea to all counts of the indictment and three counts of theft over $1000.[1] The plea agreement specified that all sentences would be concurrent and a jury sentencing hearing would determine whether the defendant's sentence was life without possibility

---

[1] Two of the theft counts were prior, unrelated charges.

of parole or life imprisonment. The sentence on each theft charge was for four years. After a lengthy sentencing trial, the jury returned a verdict of life imprisonment without possibility of parole.

In this appeal the defendant challenges his sentence by asserting the trial court erred as follows:
 (1) In denying the defendant's motion to dismiss the notice to seek life without parole due to aggravating factors not being set forth in the indictment in light of Apprendi v. New Jersey and Ring v. Arizona; and,
 (2) Proceeding to a jury sentencing trial pursuant to the plea agreement when the State had not filed notice to seek life without possibility of parole in regard to Lavonda Kay Holderby prior to the defendant's plea of guilty.

**Factual Background**

Although this was a sentencing trial, extensive proof regarding the offenses was presented. The defendant had given a statement confessing to the murder of Lavonda Kay Holderby and her sixteen-year-old niece, Donna Holderby, as well as the theft of money from Burger King and Lavonda Kay Holderby's vehicle. The defendant's contention at the sentencing hearing was that, though he admitted moral and legal responsibility for the offenses, he had not personally murdered the victims. In sentencing the defendant to life without possibility of parole, the jury approved all proposed aggravating factors as to both victims, thus rejecting the defense theory. This summary will accordingly present the facts in the light most favorable to the State. See State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

Lavonda Kay Holderby's husband, Larry Holderby, went to the Burger King in Chattanooga on December 26, 1999, at approximately 6:30 a.m. He ate breakfast and visited with his wife and her sixteen-year-old niece, Donna Holderby. He left between 7:30 and 8:00 a.m. and saw no one else in the restaurant except the three employees, Lavonda Kay, Donna, and the defendant. Later proof established that Donna Holderby suffered from mild mental retardation with an IQ score of 59.

Barbara Higgins and two companions entered the Burger King at approximately 8:00 a.m. that morning. Mrs. Higgins initially saw all three employees. Later, Lavonda Kay expressed apprehension as to Donna's whereabouts. Ms. Higgins looked in both bathrooms, then went outside searching for Donna without success. When Ms. Higgins returned, the defendant told her they had found Donna in the freezer. Ms. Higgins' group left at approximately 8:45. During this period, one other individual came in, obtained an order, and left.

Paula Williamson was the manger of the Burger King restaurant. At 8:30 on December 26th, she received a call from Lavonda Kay Holderby concerning ordering supplies. Mrs. Holderby sounded normal and not in distress. Later that day at 3:00 p.m., she was called by her district supervisor inquiring why the restaurant was closed. Ms. Williamson then took steps to have the police notified. Later she went to the Burger King and identified the victims by viewing digital photographs. Ms. Williamson also provided the police with the defendant's address.

Officers found the defendant at his apartment and received consent to search the residence. A towel with blood stains was found and seized. Later DNA testing showed that the blood on the towel was from both victims. The defendant was taken into custody and, in a taped interview, confessed to the double murder and thefts. In addition, the defendant did a taped walk-through explanation of events at the crime scene.

In his confession, the defendant admitted striking Lavonda Kay Holderby in the head with a hammer three or four times with sufficient force to break the handle. While Mrs. Holderby was knocked out, the defendant stated he "tended to Donna" by beating her, strangling her with a black cord, and bashing her head against a wall. Eventually, he cut Donna's throat with a cutting knife.

The defendant stated he returned to Mrs. Holderby and made her remove the money from the safe. The defendant forced her to the stockroom and had her lie down. The defendant then threw a gallon of pickles at her head and strangled her with a black computer cord. After placing a towel over Mrs. Holderby's face, he stabbed her multiple times with a pair of scissors. He said that Mrs. Holderby was still alive when he left. The defendant took the money, turned out the lights, locked the doors, and left in Mrs. Holderby's car. After changing clothes at his apartment, the defendant left, abandoned Mrs. Holderby's car, and then walked to his mother and stepfather's house.

Dr. Frank King, the Hamilton County Medical Examiner, testified concerning the autopsy results on the two victims. He attributed Donna Holderby's cause of death to multiple injuries including asphyxia, due to fracture of the trachea and ligature strangulation. Also, she suffered multiple blunt impact injuries to the head. Dr. King stated that any of these injuries alone were sufficient to cause death. He opined that Donna could have survived the throat incision had it been the only injury and had she received prompt medical attention.

Dr. King attributed the cause of Lavonda Kay Holderby's death to multiple stab wounds, multiple blunt impact head injuries, and asphyxia due to ligature strangulation. He stated that any of these could have independently caused death.

Dr. Keith Alan Caruso, a forensic psychiatrist, testified on behalf of the defendant. Dr. Caruso stated that the defendant gave him a statement of the events surrounding the homicide which was in conflict with the defendant's earlier confession. Dr. Caruso said the defendant acknowledged his moral and legal responsibilities for the offenses but claimed that the victims did not die at his hands. The defendant claimed that he had suggested a robbery of the Burger King to his stepfather. The stepfather then proposed a scheme of robbery but events did not follow the plan and the stepfather killed both victims while the defendant stood by and watched the murders. Dr. Caruso opined that if the defendant had previously given a false confession, that it could be attributed to the defendant's fear of the stepfather that resulted from past abusive behavior by the stepfather.

After deliberation, the jury returned a verdict of life without possibility of parole as to both first degree murder charges. The jury found three aggravating factors concerning the murder of Lavonda Kay Holderby and four aggravating factors regarding Donna Holderby.

**Indictment**

In his first issue, the defendant contends that the United States Supreme Court rulings in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), require that the aggravating factors be set forth in the indictment.

The holdings of Apprendi and Ring were summarized in this fashion: "'If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the State labels it - must be found by a jury beyond a reasonable doubt.'" State v. Holton, 126 S.W.3d 845, 864 (Tenn. 2004) (quoting Ring, 536 U.S. at 602, 122 S. Ct. at 2439).

Following the release of Apprendi, our supreme court stated, "Neither the United States Constitution nor the Tennessee Constitution requires that the State charge in the indictment the aggravating factors to be relied upon by the State during sentencing in a first degree murder prosecution." State v. Dellinger, 79 S.W.3d 458, 467 (Tenn. 2002).

The defendant asserts that the later released decision in Ring invalidates the Dellinger holding. This argument has been considered and rejected. "Ring does not stand for the broad proposition that aggravating circumstances must be charged in the indictment to satisfy constitutional standards." Holton, 126 S.W.3d at 863. See also State v. Carter, 114 S.W.3d 895, 910 n.4 (Tenn. 2003) (reaffirming Dellinger and rejecting the claim that Ring requires aggravating circumstances be included in the indictment).

In light of the foregoing authority, we find no merit in this issue.

**Notice Pursuant to Tennessee Code Annotated Section 39-13-208**

The defendant next argues that it was error to allow the State to seek a sentence of life without parole when the State had not filed notice pursuant to Tennessee Code Annotated section 39-13-208 prior to the entry of the guilty plea.
Notice of penalty to be sought for capital offenses. --
(a) Written notice that the state intends to seek the death penalty filed pursuant to Rule 12.3(b) of the Tennessee Rules of Criminal Procedure shall constitute notice that the state also intends to seek as a possible punishment a sentence of imprisonment for life without possibility of parole.
(b) Where a capital offense is charged in the indictment or presentment and the district attorney general intends to ask for the sentence of imprisonment for life without parole, written notice thereof shall be filed not less than thirty (30) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant, upon motion by the defendant, a reasonable continuance of the trial. The notice shall specify that the state intends to seek the sentence of imprisonment for life without possibility of parole and the notice shall specify the

aggravating circumstance or circumstances the state intends to rely upon at a sentencing hearing. Specification may be complied with a reference to the citation of the circumstance or circumstances. Such notice shall be in writing and filed with the court and served on counsel.

(c) If notice is not filed pursuant to subsection (a) or (b), the defendant shall be sentenced to imprisonment for life by the court if the defendant is found guilty of murder in the first degree.

(d) The defendant and the state of Tennessee may enter into a plea agreement whereby the defendant is sentenced to imprisonment for life without possibility of parole, pursuant to the provisions of Rule 11 of the Tennessee Rules of Criminal Procedure.

Our review of the appellate record reveals that the State filed notice pursuant to Tennessee Code Annotated section 39-13-208 on September 13, 2000, as to Counts three and four concerning the murder of Donna Holderby.

On January 11, 2004, the defendant entered a best interest plea of guilty on all counts which specifically incorporated an agreement whereby a "jury will determine a sentence of life or life without parole."

The defendant, on September 5, 2002, filed a motion seeking to exclude any physical evidence concerning Lavonda Kay Holderby, due to the lack of notice being filed in accordance with Tennessee Code Annotated 39-13-208.

Notice of intent to seek life without possibility of parole and supporting aggravating factors was filed by the State as to both victims on September 12, 2002.

On September 16, 2002, counsel for the defendant moved to strike his motion seeking to exclude the evidence concerning Lavonda Kay Holderby. The motion was stricken, and an order was subsequently entered reflecting this action.

Not only did the defendant waive this issue by voluntarily conceding it, but he also failed to raise the issue in the Motion and Amended Motion for New Sentencing Trial. Since this issue was never presented to the trial court, it is barred from consideration on appeal pursuant to Tennessee Rule of Appellate Procedure 36(a).

We note that the judgment forms do not reflect merger of the first degree premeditated murders and first degree felony murders. In addition, the indictment classification and classification on convictions are erroneously marked as Class A instead of first degree murder.

**Conclusion**

Having found no error after a thorough review of the record, we affirm the sentence as imposed. We remand the case for entry of corrected judgments in accordance with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE